Rueein, Judge
 

 The reference was a general one for a decision of the matters in controversy, according to right, and not according to law; and the arbitrator could properly admit his judgment to be influenced by all moral and equitable considerations. It does not appear, that he meant to be governed by the law and awarded erroneously, supposing it to be one way, when it was the other. According to
 
 Ryan
 
 v. Blount,
 
 (ante
 
 1
 
 vol. p.
 
 382,). such a mistake can be made to appear in no other way than by the award itself. That disposes of thus much of the bill. But neither the aw'ard nor the evidence-shows that the arbitrator acted upon any mistake, either of law or fact. His own deposition has been taken, and directly repels both allegations. He intended to decide according to what he deemed justice between the parties, without regard to strict law'. If he erred in that, without any unfairness by either party, and without grossly mistaking material facts, the parties are bound by it; because he is a judge of their own choosing, ánd they have agreed to abide by his judgment. An error in judgment, as a thing possible, must have been in their contemplation, and they are therefore taken to have agreed to run that risk.
 

 The evidence is equally inadequate to the establishment of anv mistake of fact. The arbitrator now7 thinks
 
 *252
 
 the facts to be as he then thought , them. Whether the evidence before him was sufficient to establish them, was left to him to decide. He did not misconceive the evidence, by supposing it different from what it was, and certainly he drew no grossly wrong conclusion from it. He computed nothing falsely, and there is no reason to believe that the arbitrator would award differently, if lie were to pass on the same evidence again ; or if every fact which now appears had then been made to appear before him. If then he erred at all, it was altogether in judgment, which all tribunals may
 
 do;
 
 and the parties stipulate not to except to an error purely of that sort in an arbitrator. It must be so, else this domestic forum is held more strictly to infallibility than any other passing upon both law and fact. There is nothing it seems to us in the decision of the arbitrator, which furnishes a reason for setting it aside*
 

 An error of judgment in an arbitrator, is no reason for setting aside his award.
 

 A
 
 party to a cause is bound by any agreement respecting it, made by his attorney, notwithstanding the latter may have disobeyed his instructions.
 

 The plaintiffs charge however, that the reference was made without their knoweklge or consent, as were also the award and judgment. It does not appear affirmatively that they a had personal knowledge or agency in it. The facts are, that the suit at law was brought at the relation of the plaintiffs and
 
 Burrows
 
 and wife, who appeared by Mr.
 
 Burges
 
 as their attorney
 
 ;
 
 and that the agreement and rule of reference was made between the defendant on one side and
 
 Burrows
 
 as one of the plaintiffs, and Mr.
 
 Burges
 
 as the attorney of all the plaintiffs on the other. The authority of the attorney of record to make all agreements for the conducting or determining the suit cannot be disputed by his clients; other persons are not to take notice of his private instructions, or his want of instructions. They have a right to consider his authority full, to manage the suit as the party himself could ; and the client must be bound by his acts, unless he can clearly establish collusion between the attorney and the opposite party, which here is not pretended. It is likewise true, that the arbitrator did not give the plaintiffs notice of the time and place, of hearing the case; but he gave notice to
 
 Burrows
 
 and Burses, and indeed sat in the office of
 
 *253
 
 tlie latter.
 
 Burrows
 
 and
 
 Burges
 
 were both present and produced and examined the witnesses, and cross-examined the witneses offered on the other side. This is proved both by the arbitrator and witnesses who were examined before him.
 
 Pierce
 
 himself lived in another state, and
 
 Burges
 
 and the other party plaintiff did not object to proceeding, but assented to and assisted in the trial. Mr.
 
 Burges
 
 indeed now says, that he did not consider himself the attorney of
 
 Pierce
 
 out of court. The court thinks he was not then at liberty to say so, his client being abroad, and that he and his client are less at liberty to say so now, after withholding his objection then and acting as the attorney. The opposite party was bound then to recognize him as representing
 
 Pierce;
 
 and have therefore a right that
 
 Pierce
 
 shall be bound by the acts of
 
 Burges
 
 as his representative. If he has suffered by it, his recourse is not against the party, but his attorney. The court is therefore of opinion, that the reference and award are obligatory, without the personal assent of
 
 Pierce.
 

 And where the attorney of anon-resident appears before an arbitrator, and examines witnesses, his client is hound by the award, altho’ the attorney was only to act in court.
 

 An arbitrator can, with the consent of the parties, act upon the statements of witnesses not under oath; butitis misconduct in him, without consent, to examíne a witness in private.
 

 There are two acts of irregularity upon which the award is impeached as constituting, what is technically called in the court, misbehaviour in the arbitrator.
 

 The one is, hearing the testimony without swearing the witnesses. The answer to that is, that it was proposed by Mr.
 
 Burges
 
 himself, upon his knowledge of the integrity of the witnesses, and his belief that they would say nothing but what they would swear to, and the arbitrator can proceed upon the statement of the parties made by themselves, or by others by their consent.
 

 The other is, that the arbitrator heard at home, in the absence of the other parties, the statements of a person, who was a witness, and the agent of the defendants.— This would form a good objection to the award, if not satisfactorily explained, even if the award were otherwise unobjectionable. The first principles of justice require that no private instructions should be received, nor evidence heard, without giving the other party an opportunity of being present. The arbitrator may be influenced by such representations insensibly to himself;
 
 *254
 
 and tbe party bas a right to know the proof, that he may 0|)¡ect to it if improper, or answer it, if proper. But , . ... , , . . the evidence m tins case is clear, that the arbitrator proceeded at home only to examine the vouchers of the administratrix, and this at the request of Mr.
 
 Burges;
 
 that he did not decide on them, but suspended every doubtful one for further proof, which was to be taken-at the meeting that afterwards took place at Mr.
 
 Bur-ges’
 
 office. What had been done was communicated to him at that time and approved, and the witnesses then examined to the disputed items
 
 ;
 
 and what renders this objection altogether unavailing is this decisive fact, that there is in the bill no allegation of an error or mistake in any item, except those to which the testimony taken in the presence of the parties applied, and concerning which no other proof was heard but that given in the presence of the parties. The arbitrator beard-nothing, in the absence of either party on which he acted, or on which he could act, in reference to the objections now made.
 

 There is no precise charge of corruption in the bill j and what is faintly stated there has been properly abandoned entirely in the argument, for there is not the slightest evidence in support of it.
 

 The bill must therefore be dismissed without examining into the strict propriety of the award npon the merits$ though, if it were necessary to decide the cause upon that point, it seems to us that it might be difficult upon the whole case, to have come to a conclusion differing much from that of the arbitrator. Nor has the court thought it necessary to determine the effect of the judgment entered on the. award, with notice to the attorney and without opposition by him; became we think the award itself good, and that no opposition to it ought to have been effectual.
 

 Per Curiam. — Bidd dismissed.